IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA RENE KAY, § | |
| TDCJ-CID NO. 7017717, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-3434 |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Lisa Rene Kay, is a person in state custody who brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 1). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 26). For the reasons stated below, respondent's motion will be granted, and Kay's Petition for a Writ of Habeas Corpus by a Person in State Custody will be dismissed.

**I. Background**

After pleading not guilty to first-degree murder, a jury found Kay guilty and sentenced her to fifty years' imprisonment and a $10,000 fine on February 10, 1995.[1] The First District Court of

---

[1] Ex parte Kay, Appl. No. WR-54,245-03, p. 435.

Appeals affirmed Kay's conviction on July 18, 1996.[2]  Kay then had thirty days from July 18 in which to file a petition for discretionary review ("PDR") with the Court of Criminal Appeals. Tex. R. App. P. 68.2(a).  Kay did not file a timely PDR, however, because she claims that her appellate attorney did not notify her that her conviction had been affirmed, causing her to miss the PDR deadline.[3]

On August 2, 2002, Kay filed an application for a state writ of habeas corpus seeking in part to file an out-of-time PDR.[4] Kay's appellate attorney submitted an affidavit stating "I do believe that Ms. Kay deserves a right to file a pro-se PDR because if she had received my letter she would have no doubt filed a pro-se PDR as she is very prolific in filing things including several grievances against her attorneys."[5]  The Court of Criminal Appeals granted Kay's request to file an out-of-time PDR on January 26, 2005, and dismissed her other claims.[6]  Kay filed a PDR

---

[2] Kay v. State, No. 01-95-00380-CR, 1996 Tex. App. LEXIS 3101 (Tex. App. -- Houston [1st Dist.] July 18, 1996, pet ref'd) (mem. op., not designated for publication).

[3] Response, Docket Entry No. 29, p. 9.

[4] Ex parte Kay, Appl. No. WR-54,245-03, p. 9.  Kay had previously filed two applications for writ of mandamus to the Court of Criminal Appeals on Nov. 7, 2002, and May 14, 2003, which were both denied.  Ex parte Kay, Appl. Nos. WR-54,245-01; WR-54,245-02.

[5] Ex parte Kay, Appl. No. WR-54,245-03, Affidavit of Jake Perret, p. 396.

[6] Ex parte Kay, Appl. No. WR-54,245-03 at cover.

but it was refused on August 31, 2005.[7]  The instant petition was filed on September 26, 2006.[8]

## II.  Analysis

**A.   Statute of Limitations**

The Anti-terrorism and Effective Death Penalty Act (AEDPA) governs this case because Wilson filed his federal habeas petition after the AEDPA's effective date.  Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997).  When enacting the AEDPA Congress included a one-year statute of limitations, the relevant portion of which states:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[7] Kay v. State, No. PD-0279-05.

[8] Order, Docket Entry No. 7, fn.1.

28 U.S.C. § 2244(d).[9]  Kay had thirty days to file a timely PDR after her conviction was affirmed by the First Court of Appeals on July 18, 1996.  Her conviction therefore became final on August 17, 1996, and the one-year federal habeas limitations period then began.  Accordingly, the limitations period expired on August 18, 1997, unless a properly filed application for State post-conviction review or other collateral review tolled the limitations period under § 2244(d)(2).

Kay's state habeas application did not toll the statute of limitations under § 2244(d)(2) because it was not filed until after the limitations period had expired.[10]  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  Her out-of-time PDR did not restart or toll Kay's limitations period.  Salinas v. Dretke, 354 F.3d 425, 430-31 (5th Cir. 2004).  The court therefore concludes that the statute of limitations expired on August 18, 1997.

**B.   Equitable Tolling**

Kay argues that equitable tolling of limitations should be applied in her case.[11]  AEDPA's statute of limitations may be

---

[9]The record does not indicate that any unconstitutional State action prevented Kay from filing for federal habeas corpus relief, that her claims concern a constitutional right recently recognized by the Supreme Court, or that the factual predicate of her claims could not have been discovered until after his conviction became final.  Accordingly, §§ 2244(d)(1)(B)-(D) are inapplicable here.

[10]Kay's two applications for writ of mandamus did not toll the limitations period because they were filed after the limitations period expired.

[11]Response, Docket Entry No. 29, p. 8.

equitably tolled only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998). The doctrine applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999). The decision to apply equitable tolling is within the discretion of the court. Salinas, 345 F.3d at 431.

The court understands Kay to argue that the limitations should be equitably tolled because her appellate attorney "actively misled" Kay by not timely notifying her that her conviction had been affirmed and thereby caused her to miss the deadline to file a timely PDR.[12] As proof of this misleading conduct Kay points to a state bar grievance that she initiated against her appellate attorney in which her attorney initially responded that a letter had been mailed to Kay informing her of the appellate court's opinion and her right to file a pro-se PDR.[13] Kay subsequently obtained prison mail records indicating that she had received no such letters from her attorney.[14] The state bar wrote a letter to Kay stating that the Grievance Committee found that her appellate

---

[12] Id. at 9.

[13] Id.; Ex parte Kay, Appl. No. WR-54,245-03, letter from Appellate Attorney to State Bar of Texas Disciplinary Counsel, pp. 350-51.

[14] Ex parte Kay, Appl. No. WR-54,245-03, pp. 296, 298.

attorney "engaged in professional misconduct [and] has entered into an Agreed Judgment of Private Reprimand."[15] Later, Kay's attorney filed an affidavit in Kay's state habeas application stating that "Because of what I now know, almost 9 years since I was appointed to represent her, I do believe that Ms. Kay deserves a right to file a pro-se PDR because if she had received my letter she would have no doubt filed a pro-se PDR as she is very prolific in filing things . . . ."[16] Kay argues that this evidences a "conflict of interest" between herself and her appellate attorney, that her attorney misled the state bar, and that proof of the "professional misconduct" entitles Kay to equitable tolling.[17]

The Fifth Circuit has held that "extraordinary circumstances" warranting equitable tolling exist where a petitioner is "misled by an affirmative, but incorrect representation" of a district court or appellate attorney on which he relies to his detriment. United States v. Patterson, 211 F.3d 927, 931 (5th Cir. 2000) ("If a court has led the plaintiff to believe that she had done everything required of her, the doctrine of equitable estoppel may be applied.") (quoting Baldwin County Welcome Center v. Brown, 104 S. Ct. 1723, 1726 (1984)); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2000) (petitioner's "allegation that he was deceived by

---

[15]Ex parte Kay, Appl. No. WR-54,245-03, p. 295.

[16]Ex parte Kay, Appl. No. WR-54,245-03, p. 396.

[17]Response, Docket Entry No. 29, pp. 9-21.

his attorney into believing that a timely § 2255 motion had been filed on his behalf" warrants equitable tolling).  However, Kay's appellate attorney made no affirmative statements on which Kay could have relied.  Even if she failed to notify Kay of the appellate court's decision, Kay was not actively deceived, nor were her attempts to obtain federal habeas relief obstructed.[18]  See Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (distinguishing Patterson from the mere failure of the district court to notify petitioner of the denial of his in forma pauperis motion).  The Fifth Circuit has held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  Id. at 849.  "Whether [Kay] had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations."  Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).  Exceptional circumstances meriting equitable tolling are therefore not present in Kay's case.[19]  Cf. Salinas, 354 F.3d at 431-32

---

[18] Although Kay accuses her appellate attorney of conspiring with the State to thwart her appeal, Kay has pointed to no summary judgment evidence of such a conspiracy. See, e.g., Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 21.  Kay therefore fails to meet her summary judgment burden with regard to this allegation.  See Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986) (In response to the movant's summary judgment showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.).

[19] Furthermore, the doctrine of equitable tolling is applied
(continued...)

(holding that the district court did not abuse its discretion in refusing to invoke equitable tolling where petitioner's attorney neglected to notify him that his appeal had been confirmed and thereby caused petitioner to miss the PDR deadline).

### III. Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 26) is **GRANTED**, and Kay's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

Petitioner, Lisa Rene Kay's, Motion to Suspend Any Additional Copies (Docket Entry No. 5); Motion Requesting A[n] Evidentiary Hearing (Docket Entry No. 19); Motion to Take Judicial Notice of Conflict of Interest Per Trial Judge During Trial and Conflict of Interest Per Appellate Counsel (Docket Entry No. 21); Motion to Take Judicial Notice of Prosecutorial Misconduct (Docket Entry No. 23); Motion to Take Judicial Notice of defective Pleading (Docket Entry No. 24); Motion to Take Judicial Notice of Ineffective Assistance of Counsel During Trial and Per Court

---

[19](...continued)
only where a petitioner has diligently pursued habeas relief. Cousin, 310 F.3d at 846. Kay received the grievance committee's letter stating that it had determined that her appellate attorney engaged in professional misconduct on September 7, 2000. Ex parte Kay, Appl. No. WR-54,245-03, letter from Jeannette Duer to Lisa Kay, p. 295. However, Kay did not file her state habeas petition until August 2, 2002, and did not file her first state writ of mandamus until November 7, 2002. (Kay admits that she learned the outcome of her appeal on November 17, 1996, in one of her many grievance letters to the state bar. Memorandum of Law in Support of Writ of Habeas Corpus, Docket Entry No. 3, Exhibit J-1.)

Appointed Appellate Counsel, Per Dual State Representation, Per Conflict of Interest (Docket Entry No. 25); Motion to Take Judicial Notice of the Prison Mailbox Rule (Docket Entry No. 29); Motion to Take Judicial Notice of <u>Gartrell v. Gaylor</u> Cite as 981 F.2d 254 (5th Cir. 1993) (Docket Entry No. 30); Motion to Take Judicial Notice that Petitioner's Former Court Appointed Appellate Attorney, Mrs. Jake Perret, Failed <u>Strickland v. Washington</u> Two-Prong Test (Docket Entry No. 31); Motion to Take Judicial Notice at What Point Did Mrs. Perret Become Aware that Petitioner's 6th and 14th U.S. Federal Constitutional Rights Were Violated (Docket Entry No. 32); Motion to Take Judicial Notice "Retroactive" Effect Per the Needless (Years) of Delay Per Not Abiding by Case Law <u>Ex parte Jarrett</u>, 891 S.W.2d 935 (Tex. Cr. App. 1994) by Prejudice Obstruction of Due Process/Years by the Dual State Representation (Docket Entry No. 33); and Motion to Take Judicial Notice Petitioner's Former Appellate Attorney (Mrs. Jake Perret's Affidavit) of Perjury (Docket Entry No. 34) are **DENIED**.

    **SIGNED** at Houston, Texas, on this the 2nd day of July, 2007.

                                            SIM LAKE
                              UNITED STATES DISTRICT JUDGE