IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA RENE KAY, | § | |
| TDCJ-CID NO. 7017717, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-3434 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Respondent Quarterman's 59(e) Motion to Alter or Amend the Court's Order of January 30, 2009, with Brief in Support (Docket Entry No. 46), to which Kay filed a Response (Docket Entry No. 54). For the reasons stated below, the court will grant Quarterman's motion to alter or amend its previous order and will now deny Kay's Motion Requesting Relief from Judgment (Docket Entry No. 38).

**I.  Background**[1]

On February 10, 1995, Kay was convicted by a jury in Texas state court of first-degree murder and sentenced to fifty years'

---

[1]The procedural history of this case is drawn from the court's Memorandum Opinion and Order issued on July 2, 2007 (Docket Entry No. 35), and the court's January 30, 2009, Order Granting Relief (Docket Entry No. 42).

imprisonment and a $10,000 fine.  Her conviction was affirmed by the Texas Court of Appeals on July 18, 1996.[2]  Kay did not seek a petition for discretionary review ("PDR") in the Texas Court of Criminal Appeals ("TCCA") within the thirty-day period provided for by Texas Rule of Appellate Procedure 68.2(a).  Six years later, on August 2, 2002, Kay filed a state habeas corpus petition seeking, inter alia, permission to file an out-of-time PDR with the TCCA.  The TCCA granted her petition in part, allowing Kay to file an out-of-time PDR based on her assertion that her appellate attorney never notified her (1) that the Court of Appeals had affirmed her conviction, and (2) that she could file a pro se PDR.[3]  Kay filed an out-of-time PDR, but the TCCA refused the petition on August 31, 2005.

Kay filed a federal Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) on September 26, 2006.  On July 2, 2007, this court denied Kay's petition and granted Quarterman's Motion for Summary Judgment concluding that Kay's petition was time barred under 28 U.S.C. § 2244(d) (Docket Entry No. 35).[4]  The court reached the conclusion that Kay's petition was

---

[2] Kay v. State, No. 01-95-00380-CR, 1996 WL 404034 (Tex. App. -- Houston [1st Dist.] July 18, 1996, pet. ref'd) (mem. op., not designated for publication).

[3] Ex parte Kay, No. AP-75077, 2005 WL 774513 (Tex. Crim. App. Jan. 26, 2005) (per curiam) (not designated for publication).

[4] Kay v. Quarterman, No. H-06-3434, 2007 WL 1894177 (S.D. Tex. July 2, 2007).  The court simultaneously issued a Final Judgment dismissing the action with prejudice (Docket Entry No.

untimely based in part on Salinas v. Dretke, 354 F.3d 425, 430-31 (5th Cir. 2004), in which the Fifth Circuit held that an out-of-time state court appeal did not restart the federal habeas limitations period.  Under the rule of Salinas, the one-year limitations period for Kay to file a federal habeas petition expired on August 18, 1997 -- over nine years before Kay actually filed her federal petition -- and was not restarted when the TCCA allowed her to file an out-of-time PDR in 2005.

On July 3, 2008, Kay filed a Motion Requesting Relief from Judgment (Docket Entry No. 38) under Federal Rule of Civil Procedure 60.  Kay asserted that the court improperly refused to equitably toll the statute of limitations and, therefore, improperly denied her federal habeas petition as time barred.

While Kay's Rule 60 motion was pending, on January 13, 2009, the Supreme Court of the United States issued an opinion in Jimenez v. Quarterman, 129 S. Ct. 681 (2009).  In Jimenez the Court effectively overruled Salinas by holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."  Jimenez, 129 S. Ct. at 686.  Instead, a habeas petitioner's state court judgment becomes final upon "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." Id. at 686-87.

---

36).

Applying the <u>Jimenez</u> rule to Kay's case, Kay's state court judgment did not become final -- and thus § 2244(d)'s one-year limitations period did not begin to run -- until December 1, 2005, when her time expired to file a writ of certiorari in the Supreme Court of the United States seeking review of the TCCA's refusal of her out-of-time PDR. Therefore, under <u>Jimenez</u>, Kay's federal habeas petition, filed on September 26, 2006, was not time barred.

Based on <u>Jimenez</u> the court granted Kay's Rule 60 motion on January 30, 2009, and ordered Quarterman to file a motion for summary judgment addressing the merits of Kay's substantive claims for relief asserted in her habeas petition (Docket Entry No. 42).[5] Quarterman has filed a motion under Rule 59(e) requesting that the court alter or amend its order granting Kay's Rule 60 motion (Docket Entry No. 46). Quarterman asserts that Fifth Circuit precedent precludes the court from granting Kay relief under Rule 60 based on a subsequent change in applicable law.

## II. **Analysis**

Quarterman directs the court to <u>Hess v. Cockrell</u>, 281 F.3d 212 (5th Cir. 2002). In <u>Hess</u> the Fifth Circuit held that a court may not grant relief under Rule 60(b)(6) from a judgment that correctly applied the then-controlling precedent based solely on a subsequent

---

[5]The court's order granting Kay's Rule 60 motion did not reference any specific provision of Rule 60 as its basis for granting relief, and Kay's motion only generally referenced Rule 60 without specifying which particular provision of the rule entitled her to relief.

change in decisional law.[6]  Hess, 281 F.3d at 216.  A change in law after a court issues a final judgment does not constitute an "extraordinary circumstance," which must exist before a court may grant relief under Rule 60(b)(6).  Id.  See also Gonzalez v. Crosby, 125 S. Ct. 2641, 2650-51 (2005) (holding, in a § 2254 case, that a subsequent Supreme Court decision that overruled Eleventh Circuit precedent upon which the district court relied in denying the petitioner's federal habeas petition as time barred did not constitute a requisite "extraordinary circumstance" justifying relief under Rule 60(b)(6)).  Accordingly, the court could not have relied on Rule 60(b)(6) as a basis for granting Kay's Rule 60 motion.

Nor could the court have properly relied on any other provision of Rule 60 as a basis for granting relief.  Under Rule 60(a), the court may only "correct a clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).  This provision may not be used to correct a legal error or an error of judgment, but only an error of recitation.  Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986).  Because granting Kay's Rule 60 motion involves more than correcting a mere error of recitation, the court could not have properly granted the motion under Rule 60(a).

---

[6]Rule 60(b)(6), the "catch-all" provision in Rule 60, provides that the court may grant relief from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

-5-

Rules 60(b)(1)-(3) were likewise not appropriate bases for granting relief. A motion under these provisions must be made within "one year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). The court denied Kay's petition for habeas corpus and issued a final judgment on July 2, 2007. Therefore, even applying the "prison mailbox rule," Kay's Rule 60 motion was filed one day too late, on July 3, 2008.[7] Moreover, even if Kay's Rule 60 motion had been filed within one year, Kay does not allege, and there is no evidence to suggest, that the court's July 2, 2007, order was the result of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or that there is any newly discovered evidence relevant to a dispositive issue, see Fed. R. Civ. P. 60(b)(2). And although Kay alleges in her response to Quarterman's 59(e) motion that the state conspired with her appellate attorney to ensure that she could not file a timely PDR,[8] see Fed. R. Civ. P. 60(b)(3) (providing for relief from a judgment procured by fraud,

---

[7]The "prison mailbox rule" provides that a court filing submitted by a pro se prisoner "is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." Starns v. Andrews, 534 F.3d 612, 616 n.1 (5th Cir. 2008) (citing Houston v. Lack, 108 S. Ct. 2379, 2385 (1988); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999)). Kay declared that she placed the motion in the prison mailing system on July 3, 2008. (Motion Requesting Relief from Judgment, Docket Entry No. 38, at 7)

[8]Petitioner's Motion of Response and Objections to Respondent Quarterman's 59(e) Motion to Alter or Amend the Court's Order of January 30, 2009, Docket Entry No. 54, at 6-7.

misrepresentation, or misconduct by the opposing party), there is no evidence in the record to support this allegation.

The court could not have relied on Rule 60(b)(4) to grant relief because the court's July 2, 2007, judgment was not void. See Fed. R. Civ. P. 60(b)(4). A judgment is only void within the meaning of paragraph (b)(4) if the court "lacked subject matter or personal jurisdiction" or if the court "acted in a manner inconsistent with due process of law." Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003). The record does not suggest that any of these criteria are satisfied.

Granting relief under Rule 60(b)(5) would also have been inappropriate. Although Rule 60(b)(5) provides that relief can be granted from a judgment "based on an earlier judgment that has been reversed or vacated," Fed. R. Civ. P. 60(b)(5), this provision "does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990) (quoting Lubben v. Selective Serv. Sys. Local Board No. 27, 453 F.2d 645, 650 (1st Cir. 1972)). Accordingly, the court cannot grant relief under Rule 60(b)(5) solely because Salinas was subsequently overruled. The other clauses of Rule 60(b)(5) do not apply. The judgment in question has not been "satisfied, released, or discharged," nor does it apply prospectively. Fed. R. Civ. P. 60(b)(5).

For the same reasons stated in the court's July 2, 2007, Memorandum Opinion and Order denying Kay's habeas petition (Docket Entry No. 35), the court is not persuaded that the statute of limitations should be equitably tolled in Kay's case. The court will therefore amend its January 30, 2009, order and deny Kay's Rule 60 motion.

### III. Conclusion and Order

For the reasons stated, Respondent Quarterman's 59(e) Motion to Alter or Amend the Court's Order of January 30, 2009 (Docket Entry No. 46), is **GRANTED**.

The court's Order issued on January 30, 2009 (Docket Entry No. 42), is **AMENDED** as follows:

1. Kay's Motion Requesting Relief from Judgment (Docket Entry No. 38) is **DENIED**.

2. Kay's Motion to Suspend Additional Copies (Docket Entry No. 41) is **MOOT**.

The court further **ORDERS** that

1. Kay's Motion for Evidentiary Hearing (Docket Entry No. 48) is **DENIED**.

2. Kay's Motion to Suspend Any Necessary Service to Respondent by Petitioner (Docket Entry No. 49) is **MOOT**.

3. A final judgment will be entered in favor of respondent.

**SIGNED** at Houston, Texas, on this 9th day of April, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE